Jennifer Stisa Granick (SBN 168423)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
425 California Street, Seventh Floor
San Francisco, CA 94110
Telephone: (415) 343-0758
jgranick@aclu.org

Nathan Freed Wessler (appearance *pro hac vice*)
Scarlet Kim (appearance *pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Telephone: (212) 549-2500
nwessler@aclu.org
scarletk@aclu.org

Stephen A. Loney, Jr. (*pro hac vice* to be filed)
Ari Shapell (*pro hac vice* to be filed)
AMERICAN CIVIL LIBERTIES UNION OF PENNSYLVANIA
P.O. Box 60173
Philadelphia, PA 19102
Telephone: (215) 592-1513
sloney@aclupa.org
ashapell@aclupa.org

Jacob Snow (SBN 270988)
Nicolas Hidalgo (SBN 339177)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA, INC.
39 Drumm Street
San Francisco, CA 94111
Telephone: (415) 621-2493
jsnow@aclunc.org
nhidalgo@aclunc.org

*Attorneys for Movant Jon Doe*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| *In the Matter of Subpoena Number HSI-DC-2026-007280-001:*<br><br>JON DOE,<br><br>          Movant,<br><br>     v.<br><br>THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>          Respondent. | Misc. Case No.: 5:26-mc-80026-SVK<br><br>**NOTICE OF VOLUNTARY DISMISSAL PURSUANT TO RULE 41(a)(1)(A)(i)** |

### NOTICE OF VOLUNTARY DISMISSAL PURSUANT TO RULE 41(a)(1)(A)(i)

NOTICE IS HEREBY GIVEN that pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), Movant Jon Doe, by and through undersigned counsel, hereby dismisses without prejudice the action against Respondent Department of Homeland Security ("DHS") in the above-captioned matter.

On February 2, 2026, Movant filed a Motion to Quash an "Immigration Enforcement Subpoena" issued by DHS to Google LLC on October 30, 2025. Dkt. No. 1. On the morning of October 30, 2025, Movant read an article in the Washington Post describing misleading arguments advanced by DHS attorneys attempting to deport an asylum seeker back to Afghanistan. Concerned by the government's conduct, Movant sent a short email to the individual named in the article as "the lead attorney for Homeland Security." The email, which Movant sent to the DHS attorney's publicly listed DHS email address, urged DHS to "[a]pply principles of common sense and decency" in the asylum-seeker's case. Approximately four hours later, DHS issued an administrative subpoena (the "Subpoena") to Google, seeking a variety of private information about Movant, his email account, and his use of Google's services. Two and a half weeks later, two DHS agents and a uniformed police officer showed up at Movant's home and interrogated him about the email and the opinions he expressed in it.

Through his February 2, 2026, Motion to Quash, Dkt. No. 1, Movant sought quashal of the Subpoena on the basis that it exceeds DHS's authority under the relevant subpoena statute, 8 U.S.C. § 1225(d), and the Electronic Communications Privacy Act, 18 U.S.C. § 2703(c)(2), and that it constitutes impermissible retaliation for Movant's First Amendment-protected speech and petitioning. Movant's attorneys emailed the Civil Chief for the office of the U.S. Attorney for the Northern District of California on Tuesday, February 3, 2026, attaching a courtesy copy and asking if the office would accept service on behalf of the agency. Counsel for Respondent declined to accept informal service, as is Respondent's right, and asked to schedule a conversation with Movant's attorneys. The conversation was scheduled for the afternoon of February 5, 2026.

On the morning of February 5, DHS Homeland Security Investigations ("HSI") sent an email to Google stating that "HSI would like the subpoena for this case retracted. The HSI case on this matter has been closed." Counsel for Respondent notified counsel for Movant of the withdrawal of the subpoena during the February 5, 2026, phone call. She represented that the investigation of Movant had been

concluded. She later provided a redacted copy of DHS's email to Google, which is attached hereto as Exhibit A, on February 6, 2026. During that conversation, counsel for Respondent did not provide explanation of the basis for investigating Movant nor assurances that there were not and would not be any other legal demands for Movant's information in relation to the facts of this Motion.

On February 6, 2026, counsel for Google represented to Movants' counsel that Google received the February 5th email from DHS, and that Google considers the Subpoena to be withdrawn.

Because the Subpoena has now been withdrawn, Movant recognizes that the relief sought in this miscellaneous action has been voluntarily provided by HSI. Movant has not, however, received confirmation that no other legal demands are outstanding, nor that he will not be investigated for this activity in the future. DHS has demonstrated a pattern of issuing retaliatory and groundless administrative subpoenas to providers of electronic communication services seeking user records, and then withdrawing those subpoenas in the face of motions to quash filed in this district. This is the fifth such action in recent months of which counsel for Movant are aware.[1] The other actions involved similar DHS misuse of administrative subpoenas to retaliate against individuals who had communicated opposition to or concern about DHS's immigration enforcement operations. Although withdrawal of these subpoenas may eliminate the immediate threat of harm to the affected individuals, it also forestalls a court ruling on the common allegations of legal and constitutional violations. This practice is so common that one commentator, formerly Google's Director of Law Enforcement & Information Security and a former prosecutor with the DOJ's Computer Crime and Intellectual Property Section, has labeled these withdrawals "mooting and scooting."[2] Issuing questionable subpoenas and withdrawing them only after there is pushback "moots the objections and avoids a potential adverse ruling. The ignoble surveillance technique remains at the ready to deploy again."[3]

---

[1] *In re Subpoena No. FY25-ELC-0105, Doe v. U.S. Dep't of Homeland Sec.*, No. 3:25-mc-80286-TSH (N.D. Cal. stipulated dismissal Dec. 9, 2025); *In re Summons Nos. HSI-PH-2025-082814-001 & HSI-PH-2025-082819-001: Doe v. U.S. Dep't of Homeland Sec.*, No. 3:25-mc-80325-PHK (N.D. Cal. stipulated dismissal Jan. 28, 2026); *In re Subpoena No. FY25-ELC-0105: Doe v. U.S. Dep't of Homeland Sec.*, No. 3:25-mc-80284-KAW (N.D. Cal. stipulated dismissal Dec. 9, 2025); *Doe/LBRRN v. U.S. Dep't of Homeland Sec.*, No. 3:25-mc-80288-AGT (N.D. Cal. stipulated dismissal Dec. 9, 2025).

[2] Richard Salgado, *Skirting Judicial Scrutiny by Mooting and Scooting*, Lawfare (Feb. 26, 2025), https://www.lawfaremedia.org/article/skirting-judicial-scrutiny-by-mooting-and-scooting.

[3] *Id*.

Nonetheless, HSI has withdrawn the Subpoena and it therefore cannot be quashed. Movant hereby withdraws the Motion to Quash and dismisses the above-captioned miscellaneous action without prejudice. *See* Fed. R. Civ. P. 41(a)(1)(A)(i).

Dated: February 10, 2026   Respectfully submitted,

*/s/ Jacob A. Snow*
Jacob A. Snow (SBN 270988)
Nicolas Hidalgo (SBN 339177)

AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA, INC.

Jennifer Stisa Granick (SBN 168423)

AMERICAN CIVIL LIBERTIES UNION FOUNDATION

Nathan Freed Wessler (appearance *pro hac vice*)
Scarlet Kim (appearance *pro hac vice*)

AMERICAN CIVIL LIBERTIES UNION FOUNDATION

Stephen A. Loney, Jr. (*pro hac vice* to be filed)
Ari Shapell (*pro hac vice* to be filed)

AMERICAN CIVIL LIBERTIES UNION OF PENNSYLVANIA

*Attorneys for Movant Jon Doe*